IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY ANN HOOD, <br><br> Appellant, <br><br> vs. <br><br> DANA S. FRAZIER, *Trustee*, <br><br> Appellee. | Case No. 11-cv-883-JPG <br><br><br> Consolidated with: |
| MARY ANN HOOD, <br><br> Appellant, <br><br> vs. <br><br> DANA S. FRAZIER, *Trustee*, <br><br> Appellee. | Case No. 11-cv-1139-JPG <br><br><br> Consolidated with: |
| MARY ANN HOOD, <br><br> Appellant, <br><br> vs. <br><br> DANA S. FRAZIER, *Trustee*, <br><br> Appellee. | Case No. 11-cv-1140-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on appellee Dana S. Frazier's ("Frazier") amended motion to dismiss (Doc. 8) to which appellant Mary Ann Hood ("Hood") has responded (Doc. 10).  For the following reasons, the Court grants Frazier's motion to dismiss.

**FACTS**

Hood filed a voluntary Chapter 7 bankruptcy on June 30, 2009, to which Frazier was appointed to serve as Chapter 7 Trustee. Following the discharge of Hood's bankruptcy, Frazier brought two adversary proceedings, case numbers 11-3268 and 11-3303, against Hood.

The first adversary proceeding, case number 11-3268, was filed on June 16, 2011. In that complaint, Frazier alleges that Hood executed a quit claim deed transferring her interest in real property located at 2003 Clawson Street, Alton, Illinois, to her son Daniel J. Wehrle. Frazier maintains that the transfer was made "for less than reasonably equivalent value," and Hood was insolvent at the time of the transfer. As such, Frazier sought to avoid the transfer of the property, alleging that Hood conveyed the property in order to hinder, delay, and defraud her creditors.

In adversary proceeding 11-3268, Hood filed a motion to dismiss for failure to state a claim on July 18, 2011. At a hearing held on August 15, 2011, the bankruptcy court denied Hood's motion to dismiss. On September 28, 2011, Hood filed her notice of appeal in this Court appealing "from the final judgments and orders denying the debtor's right to a dismissal of the lawsuits filed against her by Dana S. Frazier . . . ." (Doc. 1). Hood did not seek leave to file her appeal.

The second adversary proceeding, case number 11-3303, filed on August 17, 2011, alleges that Hood fraudulently transferred property. Specifically, Frazier alleges that Hood executed a quit claim deed transferring her interest in property located at 2003 Clawson Street, Alton, Illinois, to Hood's son, Daniel J. Wehrle. That deed was recorded on June 25, 2007. Thereafter Daniel J. Wehrle transferred the property to Hood and Daniel J. Wehrle as joint tenants with the right of survivorship. While this second deed was dated June 25, 2007, it was not recorded until March 1, 2010. A third deed was then executed on January 26, 2011, naming

Hood as the grantee.  Thereafter, Hood took a mortgage out on the home with Wells Fargo Bank, N.A. and the United States Secretary of Housing and Urban Development.  Frazier then initiated an adversary proceeding, case number 11-3303, seeking to revoke Hood's Chapter 7 discharge and avoid the transfer of the property in the third deed executed in 2011.  In the second adversary proceeding, case number 11-3303, however, the bankruptcy court issued no orders prior to Hood's notice of appeal in the instant case.  Accordingly, the court presumes Hood is appealing the denial of her motion to dismiss in case number 11-3268.

In her motion to dismiss in this appeal, Frazier asserts that this Court lacks jurisdiction to hear Hood's appeal from the bankruptcy court's order denying Hood's motion to dismiss.  Specifically, Frazier contends that Hood is appealing from a non-final order of the bankruptcy court, the denial of her motion to dismiss, and she has failed to ask for the appropriate leave to appeal an interlocutory order.

## ANALYSIS

Federal district courts have jurisdiction to hear appeals from bankruptcy courts "[f]rom final judgments, orders, and decrees; and with leave of the court, from other interlocutory orders and decrees."  28 U.S.C. § 158(a); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).  With respect to bankruptcy, "finality does not require a final order concluding the entire bankruptcy; certain orders entered prior to the conclusion of the bankruptcy proceeding will be deemed final." *Rimsat, Ltd.*, 212 F.3d at 1044.  "Where an order terminates a discrete dispute that, but for the bankruptcy, would be a stand-alone suit by or against the trustee, the order will be considered final and appealable."  *Id*. (citing *In re Szekely*, 936 F.2d 897, 899-900 (7th Cir. 1991)); *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008).

The denial of a motion to dismiss does not terminate a discrete dispute and thus is not a final order. *See Marlin v. U.S. Trustee*, 333 B.R. 14, 20 (WDNY 2005); *In re Aquatic Development Group, Inc.*, 196 B.R. 666, 669 (NDNY 1996) ("It is well-settled that denial of a motion to dismiss a complaint in an adversary proceeding is an interlocutory order."); *Americare Health Group, Inc. v. Melillo*, 223 B.R. 70, 74 (EDNY 1998). Accordingly, Hood's appeal is not of right, and the Court has discretion as to whether it will grant her interlocutory appeal. [1]

With respect to interlocutory appeals, section 158(a) does not provide guidance to the district court in exercising its discretion to accept such an appeal. Courts, however, look to 28 U.S.C. § 1292(b), the statute outlining when an appellate court may take up an interlocutory appeal from a district court, for guidance in determining whether to hear an interlocutory appeal from a bankruptcy court. *In re Dental Profile, Inc.*, 2010 WL 431590, at *4 (N.D. Ill. Feb. 1, 2010); *In re Automotive Prf'ls, Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007). Under § 1292(b) an interlocutory appeal is appropriate when it "(1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Dental Profile, Inc.*, 2010 WL 431590, at *4 (N.D. Ill. Feb. 1, 2010) (quoting 28 U.S.C. § 1292(b)); *In re Capen Wholesale, Inc.*, 184 B.R. 547, 549 (N.D. Ill. 1995). The party seeking an interlocutory appeal bears the burden of demonstrating "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

With regard to these factors, Hood fails to provide an appeal in which the Court should exercise its discretion in granting an interlocutory appeal. Hood disputes the facts of the case

---

[1] Hood failed to ask this Court for leave to appeal. However, pursuant Federal Rule of Bankruptcy Procedure 8003(c), the Court will treat her notice of appeal as a motion for leave to appeal.

rather than presenting any question of law.  For instance, in her brief, Hood describes in depth her medical ailments that caused her to take certain actions relating the fraudulent transfer.  (Doc. 11, pp. 9-11).  Hood further argues that Frazier made false statements to the bankruptcy court and generally complains about the propriety of Frazier's and attorney Steven Wallace's actions.  (Doc. 11, p. 13-33).  Hood further argues that Frazier filed an adversary proceeding beyond the statute of limitations, but that argument, again, is based on factual discrepancies.  Because Hood fails to present any legal questions with which there is substantial ground for difference of opinion, the Court declines to exercise its discretion in granting her motion for leave to appeal the decision of the bankruptcy court.

## CONCLUSION

Accordingly, for these reasons, the Court lacks jurisdiction to hear Hood's appeal and **GRANTS** Frazier's motion to dismiss (Doc. 8).  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** November 16, 2012

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**