IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY ANN HOOD,<br><br>  Appellant,<br><br>vs.<br><br>DANA S. FRAZIER, *Trustee*,<br><br>  Appellee. | Case No. 11-cv-883-JPG<br><br><br>Consolidated with: |
| MARY ANN HOOD,<br><br>  Appellant,<br><br>vs.<br><br>DANA S. FRAZIER, *Trustee*,<br><br>  Appellee. | Case No. 11-cv-1139-JPG<br><br><br>Consolidated with: |
| MARY ANN HOOD,<br><br>  Appellant,<br><br>vs.<br><br>DANA S. FRAZIER, *Trustee*,<br><br>  Appellee. | Case No. 11-cv-1140-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on appellant Mary Ann Hood's ("Hood") voluminous motion to vacate ruling of November 16, 2012 (Doc. 28) which the Court construes as a motion to reconsider pursuant Rule 60(b) of the Federal Rules of Civil Procedure.  Appellee Dana S.

Frazier, Trustee, has filed an objection (Doc. 29).  For the following reasons, the Court denies Hood's motion (Doc. 28).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749;  *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000);  *Young*, 161 F.R.D. at 62;  *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).  Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b).  *McCormick*, 230 F.3d at 327.

On November 16, 2012, this Court granted Frazier's motion to dismiss finding the Court lacked jurisdiction to hear Hood's appeal (Doc. 26).  As the Court explained, district courts only have jurisdiction to hear bankruptcy court appeals from (1) final orders; or (2) interlocutory orders with leave of court.  28 U.S.C. § 158(a).  The Court explained that Hood was not appealing a final order.  Next, the Court construed Hood's notice of appeal as a motion for leave to appeal, and explained that Hood's appeal did not meet the requirements for this Court to grant an interlocutory appeal.

In her motion for reconsideration, Hood fails to ground her arguments in any of the Rule 60(b) factors.  Rather, she simply argues that she did file a motion for leave to appeal and the bankruptcy court failed to file it properly.  However, it is irrelevant whether Hood filed a motion for leave to appeal.  The Court already construed her notice for leave to appeal as a motion for leave to appeal and found that the circumstances did not warrant a discretionary appeal.  Accordingly, the Court **DENIES** Hood's motion for reconsideration (Doc. 28).

**IT IS SO ORDERED.**

**DATED:** December 19, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**